## Richmond.

### PERCY DILLEHAY AND HOLLY BENNETT v. HON. CLAG-GETT B. JONES, JUDGE OF THE CIRCUIT COURT OF MATHEWS COUNTY.

April 11, 1924.

SENTENCE AND PUNISHMENT—*Commitment to State Board of Public Welfare— Age of Accused.*—An order committing defendants to the State Board of Public Welfare was invalid, because of the lack of finding of fact that the defendants were under eighteen years of age, which appeared on the face of the order, that fact being essential to confer upon the court jurisdiction to make such commitment. Section 1908 of the Code of 1919. Hence, the court did not exceed its jurisdiction in disregarding such order and treating it as null and void, and directing that defendants be again tried, with leave to withdraw their plea of guilty and enter a plea of not guilty.

Petition for writ of prohibition.

*Writ denied:*

*W. M. Minter* and *C. S. Smith, Jr.,* for the petitioners.

No appearance for the defendant.

PER CURIAM.

It appears from the record that by order of court entered by the judge of the court below, on March 20, 1923, acting under chapter 105 of Acts of Assembly of 1922, and section 1908 of the Code of 1919 (the latter statute being made applicable by the former) the petitioners, charged with the commission of misdemeanors, upon their pleas of "guilty," were sentenced and committed to the State Board of Public Welfare for a period of thirty days each, the only finding as to the

age of the petitioners being the following statement in the order, namely: "Each of said defendants being eighteen years of age."

It also appears from the record that the said board refused the custody of the petitioners "because they were over eighteen years of age," and that thereupon, by order of court entered by the court on March 20, 1924, on motion of the Commonwealth, the said order of March 20, 1923, was vacated, and the petitioners were committed to the county jail for a period of thirty days each.

It also, however, further appears from the record that at the time of entering the last named order (namely, March 20, 1924), as set out therein, the court, for the reason that said pleas of "guilty" were entered by petitioners at the time they were entered upon condition that said sentences and commitments to said board be entered in lieu of jail sentences, on motion of the petitioners, granted them a new trial, with permission to withdraw their pleas of "guilty" and to enter pleas of "not guilty;" and the writ of prohibition sought in this proceeding is to restrain the trial court from further proceedings upon such new trials.

The court is of opinion that the first order above mentioned, namely, the order of March 20, 1923, was void, in so far as it committed the petitioners to said board, because of the lack of finding of fact that the petitioners were under eighteen years of age, which lack of such finding appears on the face of such order—that fact being essential to confer upon the court jurisdiction to make such commitments as appears from the provisions of section 1908 of the Code of 1919; and that, hence, the court did not exceed its jurisdiction in disregarding such order and treating it as null and void, as it did, in effect, by its aforesaid action.

The writ of prohibition will, therefore, be denied.